UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CRAWFORD, JR., | Case No. 2:19-cv-01574-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| JERRY HOWELL, *et al.*, | |
| Respondents. | |

This action is a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, by William Crawford, Jr., a Nevada prisoner. Crawford initiated this case, *pro se*, on September 9, 2019. See Pet. for Writ of Habeas Corpus (ECF No. 5). The Court appointed counsel for Crawford on December 17, 2019 (ECF No. 4), and Crawford's counsel appeared on his behalf on December 30, 2019 (ECF No. 9).

On December 30, 2019, Crawford, through his appointed counsel, filed a Motion for Leave to File a First Amended Habeas Petition (ECF No. 10), with his proposed First Amended Petition attached (ECF No. 10-1). On that date, Crawford also filed a motion requesting that the Court issue a scheduling order giving him the opportunity to file a Second Amended Habeas Petition (ECF No. 11). Respondents filed notices stating that they do not oppose either of Crawford's motions (ECF Nos. 12, 13).

A Motion for Leave to File a First Amended Habeas Petition is governed by Federal Rule of Civil Procedure 15(a) and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also In re Morris, 363 F.3d 891, 894 (9th Cir. 2004). "The policy of allowing amendments 'is to be applied with extreme liberality.'" Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Courts generally consider five factors in addressing a Motion for Leave to Amend a

Pleading: "'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" Id. (quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)). Under the circumstances in this case, and in view of Respondents' notices that they do not oppose Crawford's motions, the Court determines that none of these factors weigh against granting leave to Crawford to file First and Second Amended Petitions, and the Court determines that leave to amend should be granted in the interests of justice. The Court will grant Crawford's motions.

The Court does not intend this order to extend, or otherwise affect in any manner, any limitations period applicable in this case.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File First Amended Protective Petition (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to separately file Petitioner's First Amended Petition, which is currently found at ECF No. 10-1.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Scheduling Order (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the following schedule will control further proceedings in this action:

**Second Amended Petition**. Petitioner must file a Second Amended Petition for Writ of Habeas Corpus within 120 days after the entry of this Order. The Second Amended Petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the Second Amended Petition must state how, when, and where that occurred.

**Response to Petition**. Respondents will have sixty (60) days following the filing of the Second Amended Petition to file an Answer or other respond to the Second Amended Petition.

**Reply and Response to Reply**. Petitioner will have forty-five (45) days following the filing of an Answer to file a Reply. Respondents will thereafter have thirty (30) days following the filing of a Reply to file a Response to the Reply.

**Briefing of Motion to Dismiss**. If Respondents file a Motion to Dismiss, Petitioner will have sixty (60) days following the filing of the motion to file a Response to the motion. Respondents will thereafter have thirty (30) days following the filing of the Response to file a Reply.

**Discovery**. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the Response to Respondents' Motion to Dismiss or the Reply to Respondents' Answer. Any Motion for Leave to Conduct Discovery filed by Petitioner before that time may be considered premature, and may be denied without prejudice on that basis. Respondents must file a Response to any such motion concurrently with, but separate from, their Reply in support of their Motion to Dismiss or their Response to Petitioner's Reply. Thereafter, Petitioner will have twenty (20) days to file a Reply in support of the motion for leave to conduct discovery.

**Evidentiary Hearing**. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a Motion for an Evidentiary Hearing concurrently with, but separate from, the Response to Respondents' Motion to Dismiss or the Reply to Respondents' Answer. Any Motion for an Evidentiary Hearing filed by Petitioner before that time may be considered premature, and may be denied without prejudice on that basis. The Motion for an Evidentiary Hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a Motion for an Evidentiary Hearing, Respondents must file a Response to that motion concurrently with, but separate from, their Reply in support of their Motion to Dismiss or their Response to Petitioner's Reply. Thereafter, Petitioner will have twenty (20) days to file a Reply in support of the Motion for an Evidentiary Hearing.

DATED THIS 1st day of July, 2020.



RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE