UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CRAWFORD, JR.,<br><br>    Petitioner,<br><br>v.<br><br>JERRY HOWELL, *et al.*,<br><br>    Respondents. | Case No. 2:19-cv-01574-RFB-BNW<br><br>**ORDER** |

**I.    Introduction**

This action is a petition for writ of habeas corpus by William Crawford, Jr., an individual incarcerated at the Southern Desert Correctional Center, in Indian Springs, Nevada. Crawford was convicted on October 29, 2014, pursuant to a jury verdict, in Nevada's Eighth Judicial District Court, in Clark County, of two counts each of involuntary servitude, pandering, pandering: furnishing transportation, and living from the earnings of a prostitute, and one count each of battery, battery with use of a deadly weapon, battery resulting in substantial bodily harm, and aggravated stalking, and he was sentenced to a total of 16.5 to 53.5 years in prison. See Judgment of Conviction, Exh. 32, ECF Nos. 24-26; Order of Affirmance on Direct Appeal, Exh. 49, 24-43. The Court appointed counsel to represent Crawford (ECF No. 4), and, with counsel, Crawford filed a first amended habeas petition (ECF No. 16) and then a second amended habeas petition (ECF No. 19). The respondents then filed a motion to dismiss (ECF No. 23), arguing that certain

1

of the claims in Crawford's second amended petition are unexhausted in state court. Along with his opposition to the motion to dismiss (ECF No. 28), Crawford filed a motion for leave to conduct discovery (ECF No. 30). Respondents' motion to dismiss and Crawford's motion for leave to conduct discovery are fully briefed. See ECF Nos. 23, 28, 30, 34, 35, 36. The Court determines that one of Crawford's claims is unexhausted and will, therefore, grant the motion to dismiss in part and deny it in part; the Court will require Crawford to make an election regarding the unexhausted claim, to either abandon the claim or file a motion for a stay, so that he may exhaust the claim in state court before this action proceeds.

**II.    Background**

Crawford was charged, by indictment, on April 11, 2014. Indictment, Exh. 9, ECF No. 24-3. He pleaded not guilty and was tried before a jury in 2014. See Transcript of Arraignment, Exh. 13, ECF No. 24-7; Trial Transcripts, Exhs. 18, 20, 21, 22, ECF Nos. 24-12, 24-14, 24-15, 24-16. The jury found Crawford guilty on all counts. Verdict, Exh. 24, ECF No. 24-18. He was sentenced on October 23, 2014, and the judgment of conviction was filed on October 29, 2014. Transcript of Sentencing, Exh. 31, ECF No. 24-25; Judgment of Conviction, Exh. 32, ECF No. 24-26.

Crawford appealed. See Appellant's Fast Track Statement, Exh. 46, ECF No. 24-40. The Nevada Supreme Court affirmed on November 13, 2015. Order of Affirmance, Exh. 49, ECF No. 24-43.

Crawford then filed a petition for writ of habeas corpus in the state district court on December 6, 2016. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 57, ECF No. 25-7. The court appointed counsel for Crawford, and with counsel Crawford filed a supplemental brief in support of his petition. Supplemental Brief, Exhs. 65 and 66, ECF Nos. 25-15 and 25-16. The court denied the petition in a written order filed on October 3, 2018. Findings of Fact, Conclusions of Law and Order, Exh. 76, ECF No. 25-26. Crawford appealed. See Appellant's Opening Brief, Exh. 85, ECF No. 25-34. The Nevada Court of Appeals affirmed on August 14, 2019. Order of Affirmance, Exh. 88, ECF No. 25-38.

On September 9, 2019, this Court received from Crawford a pro se petition for writ of habeas corpus (ECF No. 5), initiating this action. The Court appointed counsel for Crawford (ECF

No. 4), and, with counsel, Crawford filed a first amended habeas petition on July 1, 2020 (ECF No. 15) and a second amended habeas petition on January 27, 2021 (ECF No. 19).

Crawford's second amended petition for writ of habeas corpus, which is now his operative petition, sets forth the following claims:

>   1. Crawford's federal constitutional rights were violated because of ineffective assistance of trial counsel.
>
>      A. Crawford's trial counsel was ineffective for failing "to argue the court should dismiss most charges involving Ms. Pugh based on prior failed prosecutions."
>
>      B. Crawford's trial counsel was ineffective for failing "to raise a statute of limitations defense."
>
>      C. Crawford's trial counsel was ineffective for failing "to request a favorable instruction regarding pandering."
>
>      D. Crawford's trial counsel was ineffective for failing "to object to Sergeant Hoier's testimony."
>
>      E. Crawford's trial counsel was ineffective because he "elicited additional harmful evidence from Ms. Pugh on cross-examination."
>
>      F. Crawford's trial counsel was ineffective for failing "to object when the prosecution referenced stricken testimony during closing arguments."
>
>      G. Crawford's trial counsel was ineffective for failing "to get documentation proving Mr. Crawford had income from settlements."
>
>   2. Crawford's federal constitutional rights were violated because "[t]he State failed to disclose material impeachment information regarding Detective Mason and the vice squad."

Second Amended Petition for a Writ of Habeas Corpus (ECF No. 19), pp. 12–26.

Respondents filed their motion to dismiss on May 27, 2021 (ECF No. 23). Respondents contend that Claims 1A, 1B and 2 are unexhausted in state court. Motion to Dismiss (ECF No. 23), pp. 5–9; see also Reply in Support of Motion to Dismiss (ECF No. 35), p. 6 (withdrawing argument that Claim 1E is unexhausted). Crawford filed an opposition to the motion to dismiss on September 9, 2021 (ECF No. 28). Respondents replied on October 25, 2021 (ECF No. 35).

On September 9, 2021, Crawford filed a motion for leave to conduct discovery (ECF No. 30). Respondents filed an opposition to that motion on October 25, 2021 (ECF No. 34). Crawford filed a reply on November 5, 2021 (ECF No. 36).

**III.     Discussion**

    **A.     Legal Standards Regarding Exhaustion of State Court Remedies**

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Conner, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that claim to the State's highest court and must give that court the opportunity to address and resolve it. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983). To fairly present a federal constitutional claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), cert. denied, 529 U.S. 1009 (2000), citing Duncan, 513 U.S. at 365–66.

    **B.     Crawford Concedes that Claim 2 is Unexhausted.**

Respondents argue in their motion to dismiss that Claim 2 is unexhausted, and, indeed, Crawford concedes that he has not presented the claim in state court. See Motion to Dismiss (ECF No. 23), p. 8; Opposition to Motion to Dismiss (ECF No. 28), p. 11 ("Mr. Crawford hasn't yet litigated Ground Two in state court…."); Second Amended Petition for a Writ of Habeas Corpus (ECF No. 19), p. 23 ("Mr. Crawford hasn't fairly presented this claim to the Nevada state courts.").

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the

claim in state court." Dickens v. Ryan, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)). However, under the circumstances here, Crawford acknowledges that the Court should not anticipate that the state courts would rule Claim 2 procedurally barred, because the state courts may apply an exception to the applicable procedural bars if he is able to show that he has a meritorious claim that the prosecution withheld impeachment evidence. See Opposition to Motion to Dismiss (ECF No. 28), p. 12, citing State v. Huebler, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (petitioner may overcome procedural bar of claim under Brady v. Maryland, 373 U.S. 83 (1963), by showing that the State withheld material evidence); see also Ford v. State, 2021 WL 4860345 (Oct. 18, 2021) (unpublished disposition) (Nevada Supreme Court remanding for evidentiary hearing a similar claim in a case stayed in this court pending further state court proceedings (see ECF No. 33 in Case No. 2:17-cv-00112-RFB-VCF)).

Therefore, the Court determines that Claim 2 is unexhausted in state court and cannot anticipate that the state courts would rule the claim procedurally barred.

### C. Claims 1A and 1B are Exhausted.

Crawford asserted the claims now designated as Claims 1A and 1B in his pro se state habeas petition. See Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 57, ECF No. 25-7 at 6–7. The state district court denied relief on those claims. See Findings of Fact, Conclusions of Law and Order, Exh. 77, ECF No. 25-27 at 26–27. Crawford then asserted those claims on the appeal in the state habeas action. See Appellant's Opening Brief, Exh. 85, ECF No. 25-34 at 26–27. Therefore, Claims 1A and 1B have been exhausted in state court. Respondents' motion to dismiss will be denied with respect to Claims 1A and 1B.

### D. Crawford's Election Regarding Claim 2

As is discussed above, the court determines that Claim 2 of Crawford's second amended habeas petition is unexhausted in state court. This means that Crawford's second amended petition is "mixed," i.e., it contains both exhausted and unexhausted claims, and the Court cannot adjudicate it as such. See Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, 544 U.S. 269, 274–75 (2005). Therefore, the Court will require Crawford to make an election: Crawford must either abandon Claim 2 and proceed with the litigation of his remaining claims, or,

alternatively, file a motion for stay, requesting a stay of these proceedings while he exhausts Claim 2 in state court. If Crawford does not, within the time allowed, file a notice of abandonment of Claim 2 or a motion for a stay, his second amended habeas petition will be subject to dismissal.

### E. Crawford's Motion for Leave to Conduct Discovery

In his motion for leave to conduct discovery (ECF No. 30), Crawford seeks to conduct discovery relative to the merits of Claim 2. Crawford requests the opportunity to conduct discovery regarding the merits of that claim in this Court, and then, after the discovery is concluded, seek a stay of this action so that he may return to state court to exhaust the claim.

The Court will deny Crawford's motion.

A habeas petitioner does not enjoy a presumptive entitlement to discovery in habeas cases. See Bracy v. Gramley, 520 U.S. 899, 903–05 (1997); see also Rule 6, Rules Governing Section 2254 Cases (discovery available if good cause is shown). Here, where the claim on which Crawford would conduct discovery is unexhausted, there is no showing of good cause to conduct the discovery requested by Crawford at this time. It remains uncertain—before the anticipated further state-court litigation is completed—whether the claim is procedurally viable in this action. For that matter, it is not certain that, when the state court proceedings are completed, further proceedings in this case will be necessary at all.

Moreover, the Court notes the Nevada Supreme Court's recent ruling in the Ford case (Case No. 2:17-cv-00112-RFB-VCF in this Court), in which the habeas petitioner asserted a claim very similar to Crawford's Claim 2, and the action was stayed pending exhaustion of the claim in state court. On October 18, 2021, the Nevada Supreme Court remanded the state habeas case to the state district court for an evidentiary hearing. See Ford, 2021 WL 4860345. The Nevada Supreme Court's ruling in the Ford case suggests that Crawford may well have an opportunity to develop the factual basis of his Claim 2 in state court. As a matter of comity, the Court will allow for that factual development in state court before further considering the question of discovery regarding the merits of the claim in this action in this Court.

The Court will accordingly deny the motion for leave to conduct discovery, without prejudice to Crawford renewing his request if and when such becomes appropriate under the scheduling order in this case (ECF No. 15).

### IV.     Orders

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART**.  The motion to dismiss is granted to the extent that the Court finds Claim 2 to be unexhausted in state court and directs Petitioner to make an election regarding that claim. In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that Petitioner will have 30 days from the date of this order to file a notice of abandonment of Claim 2, or a motion for a stay to allow him to exhaust that claim in state court.

**IT IS FURTHER ORDERED** that, if Petitioner files a notice of abandonment of Claim 2, Respondents will have 90 days to file an answer, responding to Petitioner's remaining claims. Beyond that, the schedule for further proceedings in the scheduling order entered July 1, 2020 (ECF No. 15) will remain in effect.

**IT IS FURTHER ORDERED** that, if Petitioner files a motion for a stay within the time allowed, Respondents will have 20 days to file a response to that motion, and Petitioner will then have 10 days to file a reply.

**IT IS FURTHER ORDERED** that, if Petitioner does not, within the time allowed, file a notice of abandonment of Claim 2 or a motion for a stay, Petitioner's entire second amended habeas petition will be dismissed, as a mixed petition, pursuant to Rose v. Lundy, 455 U.S. 509 (1982).

DATED THIS 4 day of February, 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE